IRA D. PHILLEO, APPELLANT, V. JACOB HEFNIDER ET AL., APPELLEES.

2 N. W. (2d) 31

FILED JANUARY 23, 1942. No. 31258.

*J. E. Willits,* for appellant.

*Stiner, Boslaugh & Stiner, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is an action to recover $14,800 in damages for alleged negligence of Jacob Hefnider and Hazel M. Hefnider, husband and wife, defendants, in so operating an automobile December 9, 1939, at the intersection of Denver avenue and South street in Hastings, as to collide with a car in which Ira D. Philleo, plaintiff, was riding, thus injuring him. At the time of the collision Jerry Hill, who is not a party to the action, was driving defendants' car, a Graham sedan, and plaintiff was riding in a Ford sedan.

In the petition it is alleged that defendants, at the time stated, were engaged in the business of operating a barber shop and a beauty parlor on West Second street in Hastings; that the Graham sedan was used by them and Hill in connection with such business; that it was kept in the street in front of or near their shops; that Hill was in their employ from April, 1938, until the time of the collision; that he took the car from the street in front of defendants' place of business in the evening, December 9, 1939, was returning with it the same evening during business hours at the time of the collision, and was then engaged in the duties of his employment; that plaintiff was severely injured as a result of the negligence of defendants in causing the collision. The facts summarized were pleaded in minute detail and the negligence of Hill was attributed to defendants, his employers.

In an answer defendants admitted they were husband and wife, and that on December 9, 1939, they owned and

operated their barber shop and beauty parlor on West Second street, and denied all other allegations of the petition.

At the trial plaintiff proved negligence of Hill and resulting injury to plaintiff, but, when the latter rested, the district court excused the jury and dismissed the action on the ground that plaintiff failed to prove that Hill was engaged in any duty of his employment or that he was performing any service for defendants at the time of the collision. Plaintiff appealed.

Was the nonsuit erroneously entered? The answer depends on the sufficiency of the evidence adduced by plaintiff to sustain a verdict in his favor on the issue of negligence on the part of defendants. There was proof of actionable negligence of Hill who is not a party to the action and of resulting injury to plaintiff. There is also evidence tending to prove that Hill was employed by defendants as a porter and that his duties required him to clean the shops of his employers and their Graham sedan and to perform other duties connected with their business. Witnesses testified that Hill frequently had been seen driving defendants' automobile from and to the defendants' place of business, and in the public streets of Hastings, at times with packages in it. From the evidence as a whole, from inferences therefrom and from circumstances, it is ably argued by counsel that Hill was authorized to use the Graham car in connection with the business of his employers and also for his own purposes. The evidence, however, will not support a finding that the employee had a right to use his employers' car for his own purposes. Hill himself testified in substance, referring to the trip on which the accident occurred, that the car, without the key, was in front of the beauty parlor; had not asked for permission to take the key; did not say anything to defendants about it; took it from the barber's coat pocket in the wrap room of the barber shop; did not have permission from either employer at the time to take the car; had not been asked by either to take the car; went to the street, took the car and drove

to 818 South Colorado avenue, Hastings; was there about 20 minutes; accident occurred on the way back to the shops; so far as Hill knew his employers did not know he was using the car; from the time he left until he returned, did nothing for either employer; made the trip for purpose of his own.

Direct evidence of this nature, uncontradicted as it is, rebuts any presumption or inference that Hill, as an employee, at the time of the collision or on this trip, was using the car owned by his employers for them or in connection with their business. The law applicable has been stated as follows:

"To hold the owner of an automobile liable for an accident which occurred when his car was being driven by an employee, it must ordinarily be shown that the employee was, at the time, engaged in his employer's business, with the employer's knowledge and consent.

"The presumption that an employee, driving employer's automobile when accident occurs, is acting within his employment is rebutted, where the evidence shows employee was engaged on his personal affairs." *Harrell v. People's City Mission Home,* 131 Neb. 138, 267 N. W. 344.

Under these rules of law, there was no proper view of the evidence in which it would support a verdict in favor of plaintiff. The nonsuit therefore was not erroneous.

Rulings that sustained numerous objections to questions propounded to the witness Hill are challenged as erroneous, but a critical examination of the record for review does not disclose a sufficient ground for a reversal of the judgment below.

AFFIRMED.